UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WAYNE SEAL, | ) |
| Plaintiff, | ) |
| v. | ) 16-CV-3192 |
| ILLINOIS STATE PUBLIC DEFENDER'S OFFICE, JAMES ELMORE, et al. | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff filed this case pro se from his detention in the Sangamon County Jail.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.[1]  This statute requires the Court to review a complaint filed by a prisoner to identify the cognizable claims and to dismiss part or all of the complaint if no claim is stated.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis (without prepaying the filing fee in full) unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

   Plaintiff is awaiting retrial on charges of murder. People v. Seal, 2009-CV-998. He proceeded pro se on his first trial and was found guilty in a bench trial. On August 24, 2015, the conviction was reversed on appeal on the grounds that Plaintiff was not properly admonished regarding Plaintiff's waiver of counsel. People v. Seal, 2015 IL App (4th) 130775. According to the docket sheet in Plaintiff's criminal case, Plaintiff's trial has been continued by his motion or agreement until August 15, 2016.

   Plaintiff alleges that he is effectively forced to agree to continuations because his public defender, Defendant Elmore, is overwhelmed with work. Attorney Elmore has allegedly told Plaintiff that if Plaintiff cannot wait, then Plaintiff can represent himself again. The last page of Plaintiff's complaint, which states the relief requested, is not in the docket, but the Court understands from the

gist of Plaintiff's allegations that Plaintiff seeks a speedy trial and/or damages from the alleged violation of his speedy trial rights.

As Judge Mihm instructed Plaintiff in Plaintiff's prior case, 15-CV-3315, this Court cannot interfere with ongoing state criminal proceedings. Younger v. Harris, 401 U.S. 37, 43 (1971)("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."). Plaintiff's arguments belong at this point in his criminal case. He may file in his criminal case a pro se a motion for a speedy trial and for the appointment of an attorney who can accommodate a speedy trial. Plaintiff did file a pro se demand for a speedy trial on January 29, 2016, but then withdrew that motion on March 9, 2016. 2009-CF-998, docket entries 1/29/16 and 3/9/16. If Plaintiff does demand a speedy trial and the demand is denied, Plaintiff might be able to pursue a federal habeas action under 28 U.S.C. § 2241. *See* Sweeney v. Bartow, 612 F.3d 571 (7th Cir. 2010)(intervention in state court action might be permissible "if necessary to prevent the challenge from becoming moot."); Graf v. Clarke, 2014 WL 5361309 (E.D. Wis. 2014)(§ 2241 "speedy trial claims are limited to those

where the petitioner is trying to force a trial"). Here, Plaintiff admits that he withdrew his demand for a speedy trial, so the state court has never ruled on a demand for a speedy trial.

Plaintiff should be aware that an attorney who is able to accommodate Plaintiff's speedy trial request may have less experience and be in less demand than Attorney Elmore.  Plaintiff's right to a speedy trial and to the appointment of counsel in his criminal case does not include a right to counsel of Plaintiff's choice.  U.S. v. Gonzalez-Lopez, 548 U.S. 140, 151 (2006)("the right to counsel of choice does not extend to defendants who require counsel to be appointed for them.").

Lastly, to the extent Plaintiff seeks to pursue some kind of civil rights action against Attorney Elmore, public defenders are not "state actors" under 42 U.S.C. § 1983.  Polk County v. Dodson, 454 U.S. 312 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed without prejudice to refiling as a habeas action under 28 U.S.C. § 2241.

2) Plaintiff must still pay the full filing fee of $350 even though this case is dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3) Plaintiff's motion for counsel is denied as moot (6).

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: July 7, 2016

FOR THE COURT:

                                      **s/Sue E. Myerscough**
                                      SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE